# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DAMIEN BOONE,                                )
                                             )
      Plaintiff,                        )
                                             )
VS.                                          )          No. 20-2164-JDT-cgc
                                             )
SHELBY COUNTY CRIMINAL JUSTICE               )
CENTER, ET AL.,                              )
                                             )
      Defendants.                       )

---

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

---

Plaintiff Damien Boone, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Shelby County,[1] Officer E. Washington, Officer J. Perry, Officer J. Gibson, Officer First Name Unknown (FNU) Cooper, and Sergeant FNU Dickerson.

Boone alleges in his complaint that Defendants Washington, Perry, Gibson, Cooper, and Dickerson subjected him to excessive force and committed assault and battery even though he did

---

[1] At various places in the complaint, Boone refers to the Shelby County Sheriff's Office and the Shelby County Criminal Justice Center both as Defendants in this case. Claims brought against the Sheriff's Office and the Justice Center, however, are properly treated as claims against Shelby County. The Clerk is directed to MODIFY the docket to add Shelby County as a Defendant and to remove the Shelby County Criminal Justice Center as a Defendant.

not pose any threat or risk.  (ECF No. 1 at PageID 2.)  He also alleges the Shelby County Criminal Justice Center (Justice Center) breached its own policy by failing to protect him from the assault. (*Id.* at PageID 2-3.)  In addition, Boone alleges the Shelby County Sheriff's Office (SCSO) failed to discipline the officers or take any action to stop a "known pattern of physical abuse of inmates, including the Plaintiff" by Defendants Washington, Perry, Gibson, Cooper, and Dickerson, and other unnamed employees.  Boone contends the Defendants acted with deliberate indifference and violated his Fourteenth Amendment rights as a pretrial detainee.  (*Id.* at PageID 3.)  He seeks monetary damages.  (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make

2

a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Boone filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Boone's allegations that Defendants Washington, Perry, Gibson, Cooper, and Dickerson subjected him to excessive force and committed assault and  battery are unsupported by any actual facts.  He fails to describe the incident in which excessive force allegedly was used, explain how it arose, specify the actions taken by each Defendant, or describe his injuries.  Thus, he has not stated any plausible claim for relief against these Defendants.

3

Shelby County may be held liable under § 1983 *only* if Boone's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Boone alleges the SCSO has a custom of failing to take action to stop a known pattern of physical abuse of inmates by the individual Defendants. A "custom of tolerance" or "inaction" claim such as this requires a plaintiff to prove:

> (1) the existence of a clear and persistent pattern of [illegal activity]; (2) notice or constructive notice on the part of the [defendant]; (3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation."

*Stanfield v. City of Lima*, 727 F. App'x 841, 851 (6th Cir. 2018) (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)); *see also Stewart v. City of Memphis*, 788 F. App'x 341, 346-47 (6th Cir. 2019).

In this case, Boone's conclusory allegations that the SCSO failed to discipline and curb a known pattern of abuse by the Defendant Officers do not sufficiently state a custom of tolerance claim. Even if he had stated a claim for excessive force against the Officers with regard to the

4

specific incident in question, Boone pleads no other facts to support his assertions of a tolerated pattern of abuse.

Boone also alleges the Justice Center has a written policy stating that "inmates have the right to be protected from unwarranted assault, abuse, and battery." (ECF No. 1 at PageID 2-3.) He claims the policy created a duty that was breached when he was assaulted by the Defendant Officers and that the breach was a proximate cause of his injuries. (*Id.* at PageID 3.)

An inmate's allegation that a correctional facility defendant failed to follow administrative prison policies does not, in and of itself, rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Section 1983 therefore does not provide a remedy for violations of state or municipal laws or regulations. *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate."). The violation of a prison regulation is not actionable under § 1983. *See Storm v. Swiger*, No. 4:07-cv-2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).

For these foregoing reasons, Boone's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to

cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Boone should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Boone's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.  Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **September 17, 2020.**

Boone is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Boone fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE